IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DANIEL B. BALTAZAR and HELEN BALTAZAR,<br><br>　　　Plaintiffs,<br><br><br><br>　　　vs.<br><br><br><br>PREMIUM CAPITAL FUNDING dba TOPDOT MORTGAGE, E-TITLE INSURANCE, and CITIMORTGAGE, INC.,<br><br>　　　Defendants. | AMENDED MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND GRANTING DEFENDANTS' MOTIONS TO DISMISS AND ORDERING RELEASE OF LIS PENDENS<br><br><br><br><br>Case No. 2:11-CV-630 TS |

This matter is before the Court on Motions to Dismiss filed by Defendants CitiMortgage,

Inc. ("CitiMortgage") and Defendant eTitle Insurance Agency ("eTitle").[1]  Also before the Court

---

[1]Docket Nos. 4 & 7.

1

is Plaintiffs' Motion to Remand.[2]  For the reasons discussed below, the Court will deny

Plaintiffs' Motion to Remand and grant Defendants' Motions to Dismiss.

## I.  BACKGROUND

In May 2008, Plaintiffs Daniel and Helen Baltazar obtained a refinanced mortgage loan in

the amount of $343,755.00.  The loan was secured by a Deed of Trust recorded against real

property located in Washington County, Utah (the "Property").  The Deed of Trust designated

Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary of the Trust Deed

"solely as the nominee for Lender and Lender's successors and assigns."[3]

MERS executed an Assignment of Deed of Trust dated May 21, 2010, recorded May 25,

2010, wherein MERS assigned its interest under the Trust Deed to CitiMortgage.  On July 27,

2010 CitiMortgage executed a Substitution of Trustee, appointing eTitle as Successor Trustee.

eTitle recorded a Notice of Default and Election to Sell on July 27, 2010.  The Notice of

Default provides that Plaintiffs are in default on their monthly payment obligation and states that

the trustee has elected to sell the Property.

In Plaintiffs' Complaint, Plaintiffs do not deny that they are in default.  Nonetheless,

Plaintiffs bring the present action seeking an order from this Court requiring Defendants to grant

Plaintiffs' request for a loan modification or, in the alternative, an order quieting title in

Plaintiffs' name in fee simple absolute.

---

[2]Docket No. 10.

[3]Docket No. 5, at 2.

## II.  MOTION TO REMAND

A.      SUBJECT MATTER JURISDICTION

CitiMortgage removed the present action to this Court on the basis of both federal-question and diversity jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.  Plaintiffs contend that this case should be remanded to state court because this Court lacks jurisdiction   Because the Court finds that it has federal-question jurisdiction over this matter, it will confine its discussion to this issue.

Plaintiffs assert that federal-question jurisdiction is lacking because no federal cause of action is pled in the Complaint.  Although Plaintiffs appear to acknowledge the well-settled rule that a state claim which necessarily depends on the resolution of a substantial question of federal law may provide a basis for federal-question jurisdiction,[4] Plaintiffs rely heavily upon the fact that "this matter asserts no federal claims" and contends that their "references to the Home Affordable Modification Program are to prove breach of contract and fair dealing and negligence."[5]

The United States Supreme Court has explained that federal-question jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either that federal law created the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-

---

[4]*See* Docket No. 10, at 7.

[5]*Id.* at 6.

pleaded claims."[6] The question is thus "whether the state law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[7]

Defendants contend that Plaintiffs' breach of contract, breach of the covenant of good faith and fair dealing, and negligence claims are all predicated on Plaintiffs' assertion that the Home Affordable Modification Program ("HAMP")[8] establishes certain duties on CitiMortgage that prevent them from foreclosing and require CitiMortgage to negotiate a loan modification. Defendants contend that Plaintiffs cannot prevail on these claims without establishing that these federal laws actually impose such a duty.

The Court agrees. Similar to the allegations presented in *Copeland-Turner v. Wells Fargo Bank*,[9] Plaintiffs' breach of contract claim appears to allege that Plaintiffs are third-party beneficiaries of a contract entered into between Defendant banks and the federal government.[10] In *Copeland-Turner*, the Court found that such allegations "present[] a federal question, properly subject to removal."[11] The Court finds that the same conclusion is required here. Thus, the

---

[6]*Christianson v. Colt Indust. Operating Corp.*, 486 U.S. 800, 808 (1988) (internal quotation marks and citation omitted).

[7]*Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1233 (10th Cir. 2006).

[8]The HAMP program is established pursuant to the Emergency Economic Stabilization Act of 2008, 12 U.S.C. § 5210 et seq.

[9]*Copeland-Turner v. Wells Fargo Bank*, Case No. CV-11-37-HZ, 2011 WL 996706, at *2-6 (Mar. 17, 2011).

[10]*See* Docket No. 2, Ex. 2, ¶¶ 92-93.

[11]*Copeland-Turner*, 2011 WL 996706, at *5.

Court finds that Plaintiffs' Complaint presents a federal question that was properly subject to removal.

B.     PROCEDURAL DEFECTS

Plaintiffs further contend that removal was improper because not all of the Defendants joined in removal. These allegations, however, are contradicted by the record. As to consent, the record clearly demonstrates that all parties with an interest in the Property who were served with a copy of the Complaint consented to the removal. Thus, this claim for relief fails.

Based on the foregoing, the Court will deny Plaintiffs' Motion to Remand.

III.  MOTION TO DISMISS STANDARD

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[12] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face."[13] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[14] But, the court "need not accept . . . conclusory allegations without supporting factual averments."[15] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence

---

[12]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[13]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[14]*GFF Corp.*, 130 F.3d at 1384.

[15]*S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[16]

In considering the adequacy of a plaintiff's allegations in a complaint subject to a motion to dismiss, a district court not only considers the complaint, but also "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[17] Thus, "notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, '[a] district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"[18]

## IV. ETITLE'S MOTION TO DISMISS

eTitle moves to dismiss Plaintiffs' claims against it because Plaintiffs' allegations fail to meet the pleading requirements of Fed.R.Civ.P. 8 and 9. In Plaintiffs' 145 paragraph Complaint, eTitle is specifically mentioned in just two causes of action: unjust enrichment and fraud.

### A. UNJUST ENRICHMENT

Within Plaintiffs' First Cause of Action for Unjust Enrichment, Plaintiffs allege that eTitle filed "assignments in the public record in all counties in the State of Utah," that these unidentified assignments contained forged signatures, and that "eTitle should have know[n]

---

[16]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[17]*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 and Supp. 2007)).

[18]*Alvarado v. KOBTV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

creating a chain of assignments outside of the normal business recording of documentation is an indicator of fraud."[19]  In the paragraphs immediately following, Plaintiffs' Complaint then appears to challenge the authority of MERS to foreclose on Plaintiffs' property, relying heavily upon on a California Bankruptcy Court's minute entry that has been specifically rejected by this Court.[20]

Nowhere in the Complaint do Plaintiffs explain how these allegations apply to a prima facie claim for unjust enrichment.  Even accepting these conclusory allegations as true, these claims do not state a valid claim for unjust enrichment.  The claim, therefore, fails.

B.    FRAUD

The only other mention of eTitle is found in paragraphs 113 and 119 of Plaintiffs' Complaint, under Plaintiffs' fraud claim.  Therein, Plaintiffs allege that "eTitle is in collusion with CitiMortgage to create documentation th[at] minimally support[s] a claim based on forged signatures" and that such forgeries where either unwittingly filed by eTitle or that "all three documents were forged by eTitle and eTitle ratified and confirmed its actions prior to the recording of this instrument which means eTitle ratifies and confirms forgery."[21]  The Complaint further alleges that "[t]he fees were paid by eTitle Insurance Agency, so we are now left to wonder if eTitle is stealing the property from CitiMortgage, without CitiMortgage's knowledge

---

[19]Docket No. 2, Ex. 2, ¶¶ 85-87.

[20]*Witt v. CIT Group/Consumer Finance, Inc.*, 2010 WL 4609368, at *3-4 (Nov. 5, 2010) (rejecting the applicability of *In re Walker*).

[21]Docket No. 2, Ex. 2, ¶¶ 113 and 119.

and CitiMortgage is in fact still working on a modification for Plaintiff having no knowledge of eTitle's actions."[22]

These allegations fail to state a claim for fraud. To allege a claim sounding in fraud, a party must allege:

> (1) that a representation was made (2) concerning a presently existing material fact (3) which was false and (4) which the representor either (a) knew to be false or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation, (5) for the purpose of inducing the other party to act upon it and (6) that the other party, acting reasonably and in ignorance of its falsity, (7) did in fact rely upon it (8) and was thereby induced to act (9) to that party's injury and damage.[23]

In pleading fraud, a plaintiff's allegations must meet the heightened pleading standards provided in Fed.R.Civ.P. 9. Rule 9 requires a plaintiff to "state with particularity the circumstances constituting or mistake."[24] The Court finds that Plaintiffs' conclusory allegations and hypothetical surmisings fail to meet this standard. The Court will, therefore, dismiss this cause of action against eTitle.

C.      PLAINTIFFS' REMAINING CLAIMS

Plaintiffs' remaining causes of action fail to even mention eTitle by name or otherwise explain how these claims apply to eTitle. As these claims fail to state anything against eTitle, the Court finds that these claims necessarily fail to comply with Rule 8.

---

[22]*Id.* ¶ 119.

[23]*Armed Forces Ins. Exch. v. Harrison*, 70 P.3d 35, 40 (Utah 2003).

[24]Fed.R.Civ.P. 9(b).

D.   CONCLUSION ON ETITLE'S MOTION

Based on the foregoing, the Court finds that Plaintiffs' Complaint fails to state any claim against eTitle upon which relief may be granted.  The Court will, therefore, grant eTitle's Motion to Dismiss.

## V.  CITIMORTGAGE'S MOTION TO DISMISS

CitiMortgage moves to dismiss because Plaintiffs' Complaint fails to state viable claims upon which relief can be granted.

A.   UNJUST ENRICHMENT

As discussed previously, Plaintiffs bring a claim against all Defendants for unjust enrichment.  Plaintiffs rightly note in their Complaint that "[r]ecovery under an unjust enrichment theory is available only when 'no enforceable written or oral contract exists.'"[25] Although not expressly stated in Plaintiffs' Complaint, it appears that Plaintiffs allege that the Deed of Trust is no longer valid because the underlying Note has been securitized.  This theory, however, has been roundly rejected by this Court and the Utah Court of Appeals.[26]  As Plaintiffs have not brought forth any valid reason why the Deed of Trust is no longer valid, the Court finds that the parties' relationship is governed by contract and, therefore, a claim for unjust enrichment cannot lie.

B.   HAMP BASED CLAIMS

---

[25]Docket No. 2, Ex. 2, ¶ 69 (quoting *Bailey-Allen Co. v. Kurzet*, 876 P.2d 421, 425 (Utah Ct. App. 1994).

[26]*Commonwealth Prop. Advocates v. Mort. Elec. Registration Sys., Inc.*, — P.3d —, 2011 UT App 232 (citing with approval decisions from this Court rejecting such claims).

CitiMortgage further contends that Plaintiffs' second and third causes of action fail because they allege violations of HAMP—a program which federal courts have uniformly held that "there is no private right of action under HAMP."[27]  In reviewing Plaintiffs' Complaint, the Court finds that Plaintiffs' claims for breach of contract, negligence and breach of the covenant of good faith and fair dealing are nothing more than disguised HAMP claims.  As there is no private right of action under HAMP, the Court finds that Plaintiffs claims must be dismissed.

C.      FRAUD

As discussed previously, Plaintiffs' claim for fraud against eTitle fails to meet the heightened pleading standard under Rule 9(b).  The Court also finds that Plaintiffs' claims against CitiMortgage likewise fail.  In Plaintiffs' Complaint, Plaintiffs only bring forth conclusory allegations of forgery, denunciations of MERS, and irrelevant details of alleged loan modification procedures.  Plaintiffs fail to connect any of these wide-sweeping allegations to specific representations or actions made by CitiMortgage that could be construed as constituting fraud.  These allegations fail to meet the pleading standards under Rule 9(b) and, therefore, Plaintiffs' fraud claim must be dismissed.

## VI.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion to Remand (Docket No. 10) is DENIED.  It is further

ORDERED that Defendants' Motions to Dismiss (Docket Nos.  4 & 7) are GRANTED. It is further

---

[27] *Shurtliff v. Wells Fargo Bank, N.A.*, 2010 WL 4609307, at \*3 (D. Utah Nov. 5, 2010).

ORDERED that Plaintiffs shall release their *lis pendens* filed against the Property in relation to the above-entitled case.

Plaintiffs' Complaint is dismissed with prejudice.  The Clerk of the Court is directed to close this case forthwith.

DATED   August 26, 2011.

BY THE COURT:

_____

TED STEWART
United States District Judge