IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DANIEL B. BALTAZAR and HELEN BALTAZAR,<br><br>      Plaintiffs,<br><br>vs.<br><br>PREMIUM CAPITAL FUNDING dba TOPDOT MORTGAGE, E-TITLE INSURANCE, and CITIMORTGAGE, INC.,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br><br><br>Case No. 2:11-CV-630 TS |

This matter is before the Court on Plaintiffs' Motion to Set Aside,[1] Defendant CitiMortgage's Motion for the Court to Appoint the Clerk of the Court to Execute and Record a Release of the Lis Pendens and to Hold Plaintiffs in Contempt,[2] Plaintiffs' Motion to Withdraw Appeal to the 10th Circuit and Hold Defendants in Contempt,[3] and Defendant eTitle Insurance

---

[1]Docket No. 22.

[2]Docket No. 31.

[3]Docket No. 34.

1

Agency's Motion for Joinder.[4]  For the reasons discussed below, the Court will grant the Motion for Joinder and deny all other Motions.

On September 9, 2011, a Clerk's Judgement was filed in favor of Defendants CitiMortgage, eTitle Insurance, and Premium Capital Funding against Plaintiffs Daniel B. Baltazar and Helen Baltazar.  On September 16, 2011, Plaintiffs filed a Motion to Set Aside that Judgment under Fed.R.Civ.P. 59(e) and 60(b).

"[A] motion to reconsider filed within [28] days after entry of judgment is considered a Fed.R.Civ.P. 59(e) motion."[5]  The Tenth Circuit has recognized the following grounds as warranting a motion to reconsider under Rule 59(e): "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[6]  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. . . .  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[7]  As Plaintiffs have not alleged any grounds adequate for this Court to reconsider the judgment under Rule 59(e), the Court will deny this Motion.

Defendant CitiMortgage filed a Motion requesting that the Court "appoint the Clerk of the Court to execute and record a release of the *lis pendens* recorded with the Washington

---

[4]Docket No. 37.

[5]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2005) (second alteration to reflect change in Rule 59).

[6]*Id*. (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir.1995)).

[7]*Id*.

County Recorders Office . . . and hold Plaintiffs in contempt for failing to comply with the Court's Amended Memorandum Decision and Order."[8] Although the Court did direct Plaintiffs to release their *lis pendens* previously, Plaintiffs' Motion to Set Aside has been pending before the Court until the instant order. Thus, the Court will deny Defendant CitiMortgage's Motion. The Court reminds Plaintiffs that they have been ordered to release the *lis pendens* in this case. Failure to do so may result in a finding of contempt.

Finally, Plaintiffs have filed a Motion to Withdraw Notice of Appeal and Hold Defendants in Contempt. Defendant CitiMortgage filed a response to Plaintiffs' Motion and Defendant eTitle Insurance filed a Motion for Joinder, seeking to join CitiMortgage's Motion. This Court will grant Defendant eTitle Insurance's Motion for Joinder. With respect to Plaintiffs' Motion, this Court notes that the Tenth Circuit has already dismissed Plaintiffs' appeal for failure to prosecute. Furthermore, Plaintiffs have not alleged grounds sufficient to hold Defendants in contempt. The Court will therefore deny this Motion.

It is therefore

ORDERED that Plaintiffs' Motion to Set Aside (Docket No. 22) is DENIED. It is further

ORDERED that Defendant CitiMortgage's Motion for the Court to Appoint the Clerk of the Court to Execute and Record a Release of the Lis Pendens and to Hold Plaintiffs in Contempt (Docket No. 31) is DENIED. It is further

ORDERED that Plaintiffs' Motion to Withdraw Appeal to the 10th Circuit and Hold Defendants in Contempt (Docket No. 34) is DENIED. It is further

---

[8]Docket No. 31, at 1.

ORDERED that Defendant eTitle Insurance Agency's Motion for Joinder (Docket No. 37) is GRANTED.

DATED   November 29, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge